UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEON ARLINE,

                    Plaintiff,

            -against-

CITY OF NEW YORK, POLICE OFFICER
MICHAEL CACCAVALE, and POLICE
OFFICER CARLOS ZAMBRANO,

                    Defendants.
------------------------------------------------------------X

Index No.: _____

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Leon Arline, by and through his attorney, William O. Fowlkes, Esq., as and for his complaint alleges:

## **PRELIMINARY STATEMENT**

1. This is a civil rights action for damages as a result of the violation of his rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from a March 25, 2017, incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, assault and battery, excessive force, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. §1391(b)(2) because the events and omissions giving rise to the claims in this action occurred in this District.

## PARTIES

7. Plaintiff Leon Arline is an individual and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York (or the "City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

9. Police Officer Michael Caccavale was, at all times here relevant, employed by the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Upon information and belief, at all times relevant hereto, Defendant Caccavale was plaintiff's "arresting officer" and was under the command

of the 90th Precinct of the NYPD. Defendant Caccavale is sued in his individual capacity.

10. Police Officer Carlos Zambrano was, at all times here relevant, employed by the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. Upon information and belief, at all times relevant hereto, Defendant Zambrano was Defendant Caccavale's partner and was under the command of the 90th Precinct of the NYPD. Defendant Zambrano is sued in his individual capacity.

## NOTICE OF CLAIM

11. Within 90 days of the incident, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed.

## FACTS

12. On March 25, 2017, at approximately 2:15 a.m., in front of 32 Varet Street, in the County of Kings, in the City and State of New York, Plaintiff was acting lawfully, within his Constitutionally protected rights, standing on a public sidewalk with friends.

13. At that time Defendants Caccavale and Zambrano were on duty as police officers in plain clothes.

14. Plaintiff and his friends were approached by Defendants Caccavale and Zambrano.

15. Plaintiff was part of those singled out and targeted.

16. Plaintiff was ordered to produce identification and proceeded to comply.

17. Upon attempting to hand over his license, Plaintiff was pushed away by his friends, who confronted the officers.

18. Subsequently, the confrontation between his friends and the officers became physical.

19. When Plaintiff stepped between Defendant Zambrano and his female friend, he was assaulted, initially by Defendant Caccavale and subsequently by Defendant Zambrano.

20. Plaintiff was grabbed, tackled, battered, and physically thrown down onto the street pavement by both Defendants.

21. These acts were vicious, unnecessary, and excessive.

22. Plaintiff was then handcuffed and arrested.

23. The arrest of Plaintiff was made without probable cause, or reasonable suspicion that he had committed any crime.

24. Subsequently, Plaintiff was first taken to the 90th precinct, where he was searched, fingerprinted, and thrown in jail for several hours.

25. Plaintiff was taken to central booking, held in a hygienically unhealthy cell with several others, and paraded before others in handcuffs and shackles.

26. Plaintiff had property taken from him, damaged, and never returned.

27. Plaintiff was then charged with assaulting the police officers, obstructing governmental administration, resisting arrest, and several lesser offenses, to initiate his prosecution.

28. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

29. Subsequently, at a hearing and again at a trial, Defendant Caccavale gave misleading and false testimony in order to facilitate the Plaintiff's prosecution.

30. Upon information and belief, Defendant Caccavale was recommended for a promotion or commendation for his actions during this incident.

31. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United Staes Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

    e. Physical pain and suffering and their accompanying costs and expenses;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

    g. Loss of employment, income, and employment opportunities;

    h. Loss of liberty.

## **FIRST CAUSE OF ACTION (42 USC §1983)**

32. The preceding paragraphs are here incorporated by reference.

33. Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 USC §1983.

34. Defendants' conduct deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' conduct deprived Plaintiff of his right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

36. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

37. Plaintiff has been damaged as a direct result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
## (MUNICIPAL AND SUPERVISORY LIABILITY)

38. The above paragraphs are here incorporated by reference.

39. Defendant City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. Defendant City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to

such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

40. Further, Defendant City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected, and as in this case, get recommended for commendations.

41. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

42. Defendant City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, Defendant City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs civil rights, without fear of reprisal.

43. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

## THIRD CAUSE OF ACTION (CONSPIRACY)

44. The above paragraphs are here incorporated by reference.

45. Defendants agreed to violate the plaintiff's rights in the manner described above. Further Defendants made an agreement to attempt to cover up the illegal acts committed against Plaintiff.

46. Defendants took action in furtherance of this agreement by arresting plaintiff, bringing charges, testifying in support of those charges, and failing to correct or reveal the illegal acts.

47. Plaintiff was injured as a result of Defendants' conspiracy.

## FOURTH CAUSE OF ACTION (CONSTITUTIONAL TORT)

48. The above paragraphs are here incorporated by reference.

49. Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

50. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and is appropriate to ensure the full realization of Plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION (NEGLIGENT HIRING & RETENTION)

51. The above paragraphs are here incorporated by reference.

52. Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the loss of liberty, and physical and mental abuse sustained by Plaintiff.

53. Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated an injury to Plaintiff or those in a position similar to Plaintiff's as a result of this conduct.

54. Upon information and belief, Defendant officers were incompetent and unfit for their positions.

55. Upon information and belief, Defendant City knew or should have known through exercise of reasonable diligence that the Defendant officers were potentially dangerous and had previously falsely arrested civilians without probable cause.

56. Defendant City's negligence in hiring and retaining the Defendant officers proximately caused plaintiff's injuries.

57. Because of the Defendant City's negligent hiring and retention of Defendant officers, Plaintiff incurred damages described above.

### SIXTH CAUSE OF ACTION (RESPONDEAT SUPERIOR)

58. The above paragraphs are here incorporated by reference.

59. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

60. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City, Plaintiff was damaged.

### REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following, and that the Court grant Plaintiff a judgment against the defendants, jointly and severally, as follows:

A. Assume jurisdiction over this matter;

B. Judgment that the Defendants actions violated Plaintiff's civil rights under 42 U.S.C. §1983;

C. Judgement that Defendants actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution;

D. Judgement that Defendants actions violated Plaintiff's rights under the New York State Constitution;

E. Judgment in favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

F. Judgment awarding compensatory damages;

G. Judgement awarding punitive damages;

H. Judgement awarding reasonable attorneys fees, costs, and disbursements of this action;

I. Granting any such other and further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
June 25, 2018

Respectfully submitted,

William O. Fowlkes, Esq. (WF-1833)
Attorney for Plaintiff
26 Court Street, Suite 603
Brooklyn, New York 11242
(347) 268-2141